UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| NICHOLIS COREY GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-007-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE DAVID BUNNING, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Nicholis Corey Garner is incarcerated at the United States Penitentiary in Coleman, Florida. Proceeding without an attorney, Garner filed a submission with this Court entitled "Motion Requesting Injunctive and Declaratory Relief with an Attached Motion Requesting Judicial Notice." The Clerk's Office has docketed this filing as a new civil rights Complaint for administrative purposes. [Record No. 1] Garner also filed a related "Motion Requesting Judicial Notice." [Record No. 3] Garner's submissions are pending for initial screening pursuant to 28 U.S.C. § 1915A. Having conducted this initial screening, the matter will be dismissed for the reasons set forth below.

In 2013, Garner pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. The criminal charge was based on Garner's involvement in an international conspiracy to defraud individuals purchasing cars online. *See United States v. Garner*, No. 5: 12-cr-00065-DLB-MAS-3, at Record No. 333 (E.D. Ky. 2013). The Garner was sentenced to 240 months in prison. *See id.* at Record No. 594. The United

States Court of Appeals for the Sixth Circuit affirmed Garner's conviction and sentence on direct appeal. *See United States v. Carmichael*, 676 F. App'x 402, 404-11 (6th Cir. 2017).

Garner then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, as well as several other post-judgment motions. However, the court denied his various requests for relief. *See Garner*, No. 5:12-cr-00065-DLB-MAS-3, at Record No. 1002. Garner appealed, but the Sixth Circuit denied his application for a certificate of appealability. *Garner v. United States*, No. 20-5220, 2020 WL 9348234 (6th Cir. Nov. 25, 2020). Nevertheless, Garner continues to file numerous motions in his criminal case regarding both procedural and substantive matters.

Garner has initiated a new civil action with his filings in this case. [Record Nos. 1, 3] He names the judge in his underlying criminal case as the "Respondent" in this matter, and it appears that he repeatedly takes exception to the judge's evidentiary and other rulings in his now-concluded criminal case. [*See id.;* Record No. 3] Garner ultimately claims that the judge's decisions violated his due process rights, and, therefore, he suggests this Court should declare that his 240-month sentence to be unconstitutional. [*See* Record No. 1 at 22]

The undersigned will dismiss this action because there are multiple problems with his submissions. As an initial matter, Garner has not actually completed and filed a proper civil rights complaint with this Court by using the approved E.D. Ky. 520 Civil Rights Complaint Form, as required. *See* Local Rule 5.3(a). Instead, he simply filed two motions in which he seeks injunctive, declaratory, and other relief. [*See* Record Nos. 1, 3] Ultimately, Rule 3 of the Federal Rules of Civil Procedure makes clear that "[a] civil action

is commenced by filing a complaint with the court," and Garner has not yet filed such a pleading on the proper, Court-approved form.

Next, Garner's submissions as presently drafted fail to clearly state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). That is because Garner has not identified any legal authority that would allow him to collaterally attack the rulings in his underlying federal criminal case *via* a separate civil rights action against the judge assigned to that matter. And to the extent Garner's claims amount to a suit against the judge for performing his judicial functions, such an action would be barred by the doctrine of judicial immunity. *See Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)).

For all of the foregoing reasons, the Court will dismiss this action. This dismissal will be without prejudice to Garner's right to raise his evidentiary and other issues in the context of his criminal case, which it appears he has recently done *via* separate motions filed in that matter. *See, e.g., Garner*, No. 5:12-cr-00065-DLB-MAS-3, at Record Nos. 1077, 1079, 1080. Accordingly, it is hereby

**ORDERED** as follows:

1. Garner's Complaint [Record No. 1] is **DISMISSED** without prejudice to his right to raise his evidentiary and other issues in the context of his federal criminal case.

2. All other pending motions are **DENIED** as moot.

3. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: January 14, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky